# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: July 24, 2026

| | |
|---|---|
| JOANNE REBELO,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 20-618V<br><br>Special Master Dorsey<br><br>Attorneys' Fees and Costs |

Amy A. Senerth, Muller Brazil, PA, Dresher, PA, for Petitioner.
Camille Michelle Collett, U.S. Department of Justice, Washington, D.C., for Respondent.

**DECISION ON ATTORNEYS' FEES AND COSTS[1]**

On May 18, 2020, Joanne Rebelo ("Petitioner"), filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that she developed transverse myelitis ("TM") as a result of an influenza ("flu") vaccination on December 4, 2017. Petition at Preamble (ECF No. 1). On September 19, 2025, the parties filed a joint stipulation, which the undersigned adopted as her decision awarding compensation on the same day. (ECF No. 138).

On March 11, 2026, Petitioner filed a motion for attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 143). Petitioner requests total attorneys' fees and costs in the amount of $87,165.79, representing $72,101.40 in attorneys' fees and

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

$15,064.39 in attorneys' costs. Counsel for Petitioner warrants that Petitioner has not incurred any costs in pursuit of this claim. Id. at 2. Respondent filed his response on April 10, 2026, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Id. at 5. Petitioner did not file a reply. The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART Petitioner's motion and awards a total of $84,617.89.**

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. In this case, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a final award of reasonable attorneys' fees and costs.

### A. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

### 1. Reasonable Hourly Rates

Petitioner request the following rates of compensation for her attorneys: for Ms. Amy Senerth, $275.00 per hour for work performed in 2020, $300.00 per hour for work performed in 2021, $325.00 per hour for work performed in 2022, $375.00 per hour for work performed in 2023, $400.00 per hour for work performed in 2024, and $425.00 per hour for work performed in 2025; for Ms. Leigh Finfer, $200.00 per hour for work performed in 2020; for Mr. Max Muller, $317.00 per hour for work performed in 2018; for Mr. Paul Brazil, $317.00 per hour for work performed in 2018, $325.00 per hour for work performed in 2019, $350.00 per hour for work performed in 2020, and $450.00 per hour for work performed in 2024; and for Ms. Bridget McCullough, $400.00 per hour for work performed in 2025. See Fees App. Ex. A. Additionally, Petitioner requests between $125.00-$190.00 per hour for work performed by paralegals from 2018-2025. See id. These rates are consistent with what counsel and paralegals have previously been awarded for their Vaccine Program work and the undersigned finds them to be reasonable herein.

### 2. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Upon review, a minor reduction is necessary for time billed for non-compensable administrative tasks (e.g., saving and scanning medical records or invoices, preparing documents for filing, e-filing documents, and directing paralegals to format documents). See Fees App. Ex. A at 8, 13, 16, 19, 20, 30-32.[3] It is well established that billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); Wallace v. Sec'y of Health & Hum. Servs., No. 17-1074V, 2018 WL 6977489, at *2 (Fed. Cl. Spec. Mstr. Nov. 19, 2018) (noting the preparation of medical records is an administrative and non-compensable task). Accordingly, these tasks will not be reimbursed, resulting in a reduction of **$1,197.90**.

[3] The following dated billing entries reflect administrative charges based on the proffered descriptions: 11/12/18, 11/27/18, 5/18/20, 1/6/21 (two entries), 11/11/21, 11/29/21, 11/30/21, 3/1/24, 4/15/24, 5/24/24, 8/6/24 (three entries), reflecting a combined total of $1,197.90 in non-compensable charges. Fees App. Ex. A.

Petitioner is entitled to final attorneys' fees in the amount of $70,903.50.

### B. Attorneys' Costs

Petitioner requests a total of $15,064.39 in attorneys' costs, including the acquisition of medical records, postage, copies, and expert services provided by M. Eric Gershwin, M.D., for 11.50 hours of work performed in 2021, at a rate of $500.00 per hour, totaling $5,750.00; and for expert services provided by Frederick Nahm, M.D., Ph.D., for 13.50 hours of work performed in 2021, at a rate of $600.00 per hour, totaling $8,100.00. See Fees App. Ex. B.

Dr. Gershwin's hourly rate is consistent with prior determinations and the hours billed appear reasonable. See Eamick v. Sec'y of Health & Hum. Servs., No. 15-519V, 2020 WL 2467081, at *3 (Fed. Cl. Spec. Mstr. Apr. 10, 2020); Paul v. Sec'y of Health & Hum. Servs., No. 17-078V, 2021 WL 4946913, at *3 (Fed. Cl. Spec. Mstr. Sept. 21, 2021). Thus, the undersigned awards his requested expert fees in full.

However, Dr. Nahm has consistently been awarded $500.00 per hour for work performed in 2021 and earlier. See, e.g., Karapetian v. Sec'y of Health & Hum. Servs., No. 19-546V, 2022 WL 1865083, at *3 (Fed. Cl. Spec. Mstr. May 9, 2022); Gibson v. Sec'y of Health & Hum. Servs., No. 18-263V, 2021 WL 1010729 (Fed. Cl. Spec. Mstr. Feb. 23, 2021); McConnell v. Sec'y of Health & Hum. Servs., No. 18-1051V, 2024 WL 1617309, at *2 (Fed. Cl. Spec. Mstr. Feb. 1, 2024); Hill v. Sec'y of Health & Hum. Servs., No. 19-384V, 2025 WL 1010987, at *3 (Fed. Cl. Spec. Mstr. Jan. 8, 2025). Accordingly, Dr. Nahm's rate will be reduced to $500.00 per hour for work performed in 2021, to be consistent with prior determinations. This results in a reduction of **$1,350.00**.[4]

The remaining costs requested in this matter appear reasonable and have been fully supported. Accordingly, Petitioner is awarded attorneys' costs in the amount of $13,714.39.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $72,101.40 |
| (Reduction of Fees) | ($1,197.90) |
| **Total Attorneys' Fees Awarded** | **$70,903.50** |
| | |
| Attorneys' Costs Requested | $15,064.39 |
| (Reduction of Costs) | ($1,350.00) |
| **Total Attorneys' Costs Awarded** | **$13,714.39** |

[4] This amount is calculated as ($600-$500) x 13.50 hours = $1,350.00

**Accordingly, the undersigned awards a lump sum in the amount of $84,617.89 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.